IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julian E. Rochester, # 171519, ) | |
| ) | Civil Action No. 6:15-3258-RBH-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Head Warden B. McKie, Satan, ) | |
| ) | |
| Respondent. ) | |

### *Background of this Case*

The petitioner is an inmate at the Kirkland Correctional Institution. The petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge. The Honorable R. Bryan Harwell, United States District Judge, modified the standing Order of Pre-Filing Review affecting Petitioner. See Order (ECF No. 17) entered on July 10, 2012, in *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, Civil Action No. 6:12-1281-RBH; and Order (ECF No. 21) entered on July 10, 2012, in *Rochester v. M. V. Laubshire, et al.*, Civil Action No. 6:12-0236-RBH, 2012 WL 2805717 (D.S.C. July 10, 2012). Judge Harwell's order required the petitioner to pay the applicable filing fee in all future non-habeas civil actions. As to habeas actions, Judge Harwell apprised the petitioner that the filing of frivolous or successive could result in sanctions:

> This Court notes that in a related habeas matter, this Court has
> discussed Petitioner's abusive and frivolous filing practices, and
> warned Petitioner that any future habeas petitions which are

> successive or frivolous will result in the imposition of sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the courts. *See* Order Warning Petitioner, Doc. # 17, *Rochester v. D. McCall, Warden of Perry Correctional Institution*, No. 6:12-cv-1281 [2012 WL 2803760] (July 10, 2012).

*Rochester v. Laubshire*, 2012 WL 2805717, at *3 n. 3.

On October 18, 1990, in the Court of General Sessions for Oconee County, the petitioner was convicted of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of 50 years imprisonment. The inmate inquiry database on the South Carolina Department of Corrections ("SCDC") website (https://sword.doc.state.sc.us/scdc-public/, last visited on September 9, 2015) indicates that the petitioner's projected release date is June 12, 2022.

On January 22, 1998, the petitioner, brought a habeas corpus action concerning his 1990 convictions (*Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ). On January 23, 1998, the Honorable Robert S. Carr, United States Magistrate Judge, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary judgment. On March 10, 1998, Magistrate Judge Carr apprised the petitioner of dispositive motion procedure, as required by the holding in *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). On March 16, 1998, and on March 20, 1998, the petitioner responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for

summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. The petitioner filed objections and two amended objections to the Report and Recommendation. On April 10, 1998, the Honorable William B. Traxler, (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

The petitioner filed a Notice of Appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613). On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States subsequently denied the petitioner's petition for writ of certiorari. *Rochester v. South Carolina Dep't of Corr.*, No. 98-6613, 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

### The Petitioner's Pre-Filing Injunctions in Other Jurisdictions

Exhibits appended to the petitioner's Section 2241 petition in a prior case, *Rochester v. Cartledge*, Civil Action No. 6:12-1888-RBH-KFM, reveal that the petitioner is under various types of pre-filing injunctions. For example, the Circuit Courts in the Tenth Judicial Circuit of South Carolina have directed the Clerk of Court for Anderson County and the Clerk of Court for Oconee County not to file any pleadings submitted by the petitioner unless authorized by the Presiding Administrative Judge (doc. 1-3 in Civil Action No. 6:12-1888-RBH-KFM, at 11–13). Judge Harwell's order in *Rochester v. Laubshire* also indicates that the petitioner is under pre-filing injunctions issued by the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit. 2012 WL 2805717, at *3.

### The Amended Section 2241 Petition

The original Section 2241 petition was not on the court-approved Section 2241 form. In an order (doc. 6) filed in this case on August 20, 2015, the undersigned directed

the petitioner to bring this case into "proper form" by submitting a motion for leave to proceed *in forma pauperis* and by submitting an amended petition on the court-approved Section 2241 form. In his amended petition, which the petitioner styles as "SUPPLEMENTAL," the petitioner raises various grounds: (1) the petitioner has maxed out his sentence if his earned work and good time credits are taken into account (doc. 13 at 8); (2) denial of parole, a pardon, and hearings (*id.*); (3) illegal disciplinary hearings (*id.* at 9); and (4) illegal and void sentences, and *ex post facto* violations (*id.*).

### *Discussion*

Insofar as the petitioner is seeking federal habeas corpus relief with respect to the alleged expiration of his sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d 525, 530–32 (4th Cir. 2010) (Section 2241 case). With respect to any Section 2254 claims, the petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases; and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003). The styling of the petition in the above-captioned case as a Section 2241 petition will not enable this court to address successive Section 2254 claims. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, Civil Action No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted* by 2010 WL 3258295 (D.S.C. Aug. 16, 2010).

### **The Petitioner's Request for Parole**

A state inmate has no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977).

### The Petitioner's Prior Federal Criminal Case

In the amended petition, the petitioner refers to a prior federal criminal case in the District of South Carolina in 1974. The petitioner indicates that he served time in federal prisons at Texarkana, Texas and at Springfield, Missouri, in 1974–1975.

Since the petitioner's federal sentence expired in 1975— approximately fifteen years prior to his state court convictions for which the petitioner is currently confined, he is not "in custody" with respect to his expired federal sentence. It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); and *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *See Garlotte v. Fordice*, 515 U. S. 39, 47 (1995); and *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

### Potential Federal Criminal Case Against the Petitioner

Information disclosed by the petitioner in the petition in the case at bar and in a complaint in a prior case, *Julian Edward Rochester v. United States of America*, Civil Action No. 2:05-3033-HMH-RSC, indicates that the petitioner's proclivity for sending out letters and pleadings resulted in the petitioner's being interviewed by two agents of the Department of Homeland Security for 45 minutes on September 9, 2005, because of threats made by the petitioner against the then-President of the United States.

The petitioner, apparently, believes that he has federal criminal charges pending against him. A search of this court's Case Management-Electronic Case Filing System reveals no pending criminal charges against the petitioner. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) (district court may take judicial notice of its own files and records). With respect to any possible federal criminal charges against the

5

petitioner, this case is not yet ripe. *Ostergren v. Cuccinelli*, 615 F.3d 263, 287-88 (4th Cir. 2010). The Sixth Amendment right to a speedy trial is not applicable to the petitioner because he has not been indicted or arrested on federal charges. *United States v. Uribe-Rios*, 558 F.3d 347, 358 n. 8 (4th Cir. 2009) ("The Sixth Amendment right to a speedy trial right does not attach until indictment or arrest."). The federal Speedy Trial Act is not applicable to the petitioner because he has not been arrested or indicted on a federal criminal offense. *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440–42 (4th Cir. 2008). Moreover, since the petitioner has not yet been convicted for a federal criminal offense, a Section 2255 motion would be premature. *Davis v. Scott*, 176 F.3d 805, 807–08 (4th Cir. 1999) ("Leak-Davis was not the proper party to file the application; the application purported to seek relief pursuant to 28 U.S.C.A. § 2241 when it should have sought relief under 28 U.S.C.A. § 2255; and the application was premature because Davis's direct appeal was still pending at the time.").

### The Petitioner's Civil Rights Claims

The petitioner raises various civil rights claims in the above-captioned Section 2241 petition, including excessive force, beatings, denial of medical care, denial of a wheel chair, and brain damage (doc. 13 at 1–2). Monetary damages and injunctive relief are not available in habeas corpus actions. *See McKinney-Bey v. Hawk-Sawyer*, No. 03-6455, 69 Fed.App'x 113, 113 (4th Cir. May 29, 2003) ("To the extent that Appellant sought money damages, such relief is not available under § 2241. As the district court found, an action for monetary damages is properly pursued by way of a civil rights action."); and *Littlejohn v. South Carolina*, Civil Action No. 6:10-0745-RBH-WMC, 2010 WL 1664889, at *2 (D.S.C. April 2, 2010) (collecting cases), *adopted by* 2010 WL 1664887 (D.S.C. April 23, 2010).

### Prison Disciplinary Proceedings

The petitioner also refers to his prison disciplinary proceedings. Summaries of inmate prison disciplinary matters taking place after January 1, 2009, appear on the

SCDC website (http://public.doc.state.sc.us/scdc-public/, last visited on Sept. 9, 2015). See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Although the SCDC website reveals that the petitioner lost good time as a result of prison disciplinary proceedings in 2009, 2010, and 2011, the petitioner has had only one disciplinary conviction since 2011. The petitioner's most recent disciplinary conviction is for "STRIKING AN EMPLOYEE WITH/WITHOUT WEAPON" on October 9, 2014. As a result of the disciplinary conviction, the petitioner lost canteen and telephone privileges for ninety days, lost visitation privileges for 259 days, and was given ninety days in disciplinary detention. No good time was lost as a result of the 2014 disciplinary conviction. As a result, with respect to the prison disciplinary conviction on October 9, 2014, habeas relief is not available. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

In any event, there is no indication that the petitioner has exhausted his SCDC administrative remedies with respect to his most recent disciplinary conviction. The court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12." *Malik v. Ward*, 8:08-cv-1886-RBH, 2010 WL 936777, at *2 n.4 (D.S.C. Mar. 16, 2010). The SCDC Grievance Procedure was modified on May 12, 2014, with respect to time limits and deadlines, so the petitioner's disciplinary conviction on October 9, 2014, was subject to SCDC Policy/Procedure, Inmate Grievance System, GA–01.12, § 13 (May 12, 2014) (available at http://www.doc.sc.gov/pubweb/policy/policy.jsp).

7

**Recommendation**

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return.* See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."), which may be applied to Section 2241 cases under Rule 1(b). It is also recommended that the District Court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.

September 11, 2015  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**
*Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. 3Schronce*, 727 F.2d 91 (4th Cir. 1984).