UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julian E. Rochester, | ) | Civil Action No.: 6:15-cv-03258-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Head Warden B. McKie, *Satan*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Julian E. Rochester, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* ECF No. 1.  The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kevin F. McDonald.[1]  *See* R & R, ECF No. 18.  Plaintiff has filed objections to the R & R.  *See* Pl.'s Objs., ECF No. 20.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when

---

[1]    This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file an answer or return, and that the Court not issue a certificate of appealability. R & R at 8. Petitioner's objections do not point to any specific error in the Magistrate Judge's reasoning or findings. The vast majority of Plaintiff's "objections" consist of rambling nonsensical statements, various case citations, profanity, and cartoon illustrations. *See* Pl.'s Objs. at 1-6. The Court's review of the R & R reveals no clear error. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Although de novo review is not required in light of Petitioner's nonspecific objections, the Court has nonetheless exercised its discretion and conducted a de novo review of the R & R. Having done so, the Court finds no error in the Magistrate Judge's disposition of Petitioner's § 2241 petition and sees no reason to repeat his detailed analysis here. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief. Accordingly, the Court overrules Petitioner's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 18] by reference.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition is summarily **DISMISSED** *without prejudice* and without requiring Respondent to file an answer or return. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina           s/ R. Bryan Harwell
May 12, 2016                       R. Bryan Harwell
                                   United States District Judge